# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BARRY C. HONIG, et al. | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-1167-S |
| | § | |
| ANSON FUNDS MANAGEMENT, | § | |
| LP, et al. | § | |

## ORDER

Plaintiffs Barry C. Honig, The Renee Honig Family Foundation, Inc., and GRQ Consultants, Inc.'s Complaint, filed April 10, 2026, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to allege properly the citizenship of multiple parties.

First, Plaintiffs allege that Honig is a "resident" of Florida, that Defendants Moez Kassam and Sunny Puri "reside[] in" Canada, and that Defendant Ryan Choi "resides in" California. Pls.' Original Compl. ("Complaint") [ECF No. 1] ¶¶ 12, 18, 19, 22. Allegations of residency are not sufficient to establish the citizenship of an individual. An individual is domiciled, and therefore a citizen, in the state where he has his true, fixed, and permanent home. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *see also Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("[C]itizenship means domicile; mere residence in the State is not sufficient."). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424 (1939). Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

Second, Plaintiffs claim that The Renee Honig Family Foundation, Inc., is a Florida corporation "based in Boca Raton, Florida." Compl. ¶ 14. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To adequately allege The Renee Honig Family Foundation, Inc.'s citizenship, Plaintiffs must identify the state in which it has its principal place of business.

Third, Plaintiffs identify Defendant Anson Funds Management, LP, as a limited partnership. Compl. ¶ 15. "[A] limited partnership is a citizen of each state in which its partners— both general and limited—hold citizenship." *Whalen v. Carter*, 954 F.2d 1087, 1095 (5th Cir. 1992) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). Accordingly, Plaintiffs must identify the partners of Anson Funds Management, LP, and allege each partner's citizenship.

Finally, Plaintiffs allege that Defendants Citron Capital, LLC, and Citron Capital LP are corporations. Compl. ¶¶ 20-21. However, their names indicate that they may be a limited liability company and limited partnership, respectively. Allegations regarding the citizenship of a limited liability company require "the citizenship of every member of [the] LLC." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). And as stated above, allegations regarding the citizenship of a limited partnership require the citizenship of each partner. If these parties are corporations, Plaintiffs fail to provide Citron Capital LP's principal place of business.

Until Plaintiffs allege the parties' citizenship, this Court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979). Accordingly, no later than 21 days from the date of this Order, Plaintiffs must file an amended

2

complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332; otherwise, this action will be dismissed for want of jurisdiction.

**SO ORDERED.**

SIGNED April 15, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**