# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

BARRY C. HONIG, et al.

§
§
§
§

v.

§   CIVIL ACTION NO. 3:26-CV-1167-S

§

ANSON FUNDS MANAGEMENT,
LP, et al.

§
§
§

## ORDER

The Court entered an order in this case on April 15, 2026, identifying deficiencies in Plaintiffs Barry C. Honig, The Renee Honig Family Foundation, Inc., and GRQ Consultants, Inc.'s jurisdictional pleadings and ordering Plaintiffs to file an amended complaint alleging facts sufficient to invoke this Court's jurisdiction. Plaintiffs filed an amended complaint, but Plaintiffs again have not adequately alleged the citizenship of multiple parties.

First, Plaintiffs again allege that Honig is a "resident" of Florida and that Defendant Ryan Choi is a "resident" of California. Pls.' First Am. Compl. ("Amended Complaint") [ECF No. 7] ¶¶ 8, 16. But as the Court noted in its prior Order, for diversity purposes, allegations of residency are not sufficient to establish the citizenship of an individual. An individual is domiciled, and therefore a citizen, in the state where he has his true, fixed, and permanent home. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *see also Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("[C]itizenship means domicile; mere residence in the State is not sufficient."). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424 (1939). Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

Second, Plaintiffs again claim that The Renee Honig Family Foundation, Inc., is "based in Boca Raton, Florida." Am. Compl. ¶ 10. As the Court stated in its prior Order, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To adequately allege The Renee Honig Family Foundation, Inc.'s citizenship, Plaintiffs must identify the state in which it has its principal place of business.

Third, Plaintiffs identify the partner of Defendant Anson Funds Management, LP, as Anson Management GP LLC. Am. Compl. ¶ 11. The members of Anson Management GP LLC, in turn, are Anthony Moore and Bruce Winson. *Id.* Plaintiffs claim that Moore and Winson are "resident[s]" of Texas. *Id.* But as set forth above, the citizenship of an individual is his or her domicile, not residence.

Until Plaintiffs allege the parties' citizenship, this Court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979). Accordingly, no later than 14 days from the date of this Order, Plaintiffs must file an amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332; otherwise, this action will be dismissed for want of jurisdiction.

**SO ORDERED.**

SIGNED May 14, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**